IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William L. Harlow, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2:05-1360-PMD |
| | ) | |
| | ) | **ORDER** |
| Officer Jason Forsythe, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon Defendant Officer Jason Forsythe's ("Defendant") Motion for Summary Judgment. For the reasons set forth herein, the court grants Defendant's motion.

**BACKGROUND**

The facts, considered in the light most favorable to the nonmoving party, are as follows:

On March 11, 2005, Plaintiff William L. Harlow ("Plaintiff") was driving east on Interstate 26 near the exit for Ashley Phosphate Road, and Defendant was in a Nissan Altima to the right of Plaintiff. As a result of construction in the area, traffic was backed up. Defendant was waiting in a line of traffic, and Plaintiff attempted to merge into Defendant's lane in order to turn right.[1]

---

[1] Plaintiff's front tire crossed the line marking Defendant's lane at this point. At his deposition, Plaintiff said,
> When I looked up after [Defendant's] tires squalled in my rear view mirror, I saw him coming up on me, my front tire had crossed that line just by a hair, but I stopped when I did that because I [saw] I was wrong. I was wrong for my tire to go over. I didn't–I don't cut in front of [anybody]. It happens to me everyday. I'm a truck driver. I don't do it. I'm used to it. I don't do it. That's just the bottom line[;] I don't do it.

1

Defendant, whose window was down, told Plaintiff to wait his turn like everyone else. Unable to merge, Plaintiff proceeded down Interstate 26. Defendant then chased Plaintiff and forced Plaintiff to stop his vehicle. Defendant, a patrolman for the City of North Charleston, pulled out his badge, approached Plaintiff's vehicle, and told Plaintiff, "You are going to jail."

Defendant called other officers and held Plaintiff at the scene for half an hour. Defendant did not have his ticket book, so he used Officer Sad's ticket book to issue Plaintiff a citation for reckless driving. Defendant did not appear in court to prosecute Plaintiff, so the case against Plaintiff was dismissed for lack of prosecution.[2]

On May 10, 2005, Plaintiff filed suit in this court against Officer Sad, and on November 16, 2005, Plaintiff amended his complaint to assert claims against Defendant Jason Forsythe.[3] In his Amended Complaint, Plaintiff brings the following causes of action: (1) violation of 42 U.S.C. § 1983, (2) false arrest, and (3) malicious prosecution. Plaintiff seeks an award of actual, consequential, and punitive damages as well as an award of costs and attorney's fees. On November

---

(Pl. Dep. 34:14-34:23.) According to Defendant, Plaintiff "sped his vehicle up and forced his vehicle into [Defendant's] lane causing [Defendant] to swerve [his] car into the grass to avoid a collision." (Forsythe Aff. 1.) However, as Plaintiff is the nonmoving party, the court assumes that only Plaintiff's tire crossed over into Defendant's lane.

[2]In both his Amended Complaint and Memorandum in Opposition to Defendant's Motion for Summary Judgment, Plaintiff asserts he was found not guilty on the charge of Reckless Driving. (*See* Am. Compl. ¶ 8; Pl.'s Resp. in Opp'n at 2.) However, Plaintiff admitted in his deposition testimony that the ticket was dismissed for lack of prosecution. (Pl. Dep. 65:3-65:9.) Furthermore, Defendant attached the affidavit of Beth Woodall to his Motion for Summary Judgment. In her affidavit, Ms. Woodall, a legal assistant for the City of North Charleston, states, "The computer file case history report for this ticket [number 41604CW], indicates that the ticket was dismissed (for lack of witness) on March 11, 2005." (Woodall Aff. 1.) Thus, although Plaintiff asserts he was found not guilty on the charge of Reckless Driving, the evidence reveals the charge was dismissed for lack of prosecution.

[3]Officer Sad is no longer a party to this action.

3, 2006, Defendant filed a Motion for Summary Judgment. Plaintiff has filed a Response in Opposition.

## STANDARD OF REVIEW

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

## ANALYSIS

In his Motion for Summary Judgment, Defendant argues this court should grant summary

judgment to Defendant (1) because Defendant is entitled to qualified immunity on Plaintiff's § 1983 claims and (2) because a plaintiff may not seek damages under § 1983 against a state or state official acting in his official capacity.[4]

Plaintiff brings his first cause of action under 42 U.S.C. § 1983. Section 1983 provides an individual with a cause of action for damages against a person who, under color of state law, causes that individual to be deprived of his constitutional rights. *See* 42 U.S.C. § 1983. Plaintiff asserts Defendant violated his rights under the Fourth and Fourteenth Amendments "to be free of unreasonable seizure of his person without probable cause." (Am. Compl. ¶ 10.) Pursuant to the Fourth Amendment, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. CONST. amend. IV.[5] The general rule is that "Fourth Amendment seizures are 'reasonable' only if based on probable cause." *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Probable cause is "defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975) (internal quotation marks omitted).

In the case *sub judice*, Defendant argues this court should grant summary judgment in his favor because he is entitled to qualified immunity. "'Qualified immunity is an accommodation by the courts to the conflicting concerns of, on one hand, government officials seeking freedom from

---

[4]Finding summary judgment appropriate because no genuine issue of material fact exists regarding whether Defendant violated Plaintiff's constitutional rights, the court need not reach Defendant's argument that Plaintiff may not seek damages under § 1983 against a state or state official acting in his official capacity.

[5]The Fourth Amendment is applicable to the states through the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 654-55 (1961).

4

personal monetary liability and harassing litigation and, on the other hand, injured persons seeking redress for the abuse of official power.'" *Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000) (quoting *Hodge v. Jones*, 31 F.3d 157, 162 (4th Cir. 1994)). Qualified immunity thus "protects government officials performing discretionary functions" and acting within the scope of their employment[6] "from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Henderson*, 223 F.3d at 271 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Knussmann v. Maryland*, 272 F.3d 625, 633 (4th Cir. 2001). To determine whether a government official is entitled to qualified immunity, the court must

> (1) identify the right allegedly violated, (2) determine whether the constitutional right violated was clearly established at the time of the incident, and (3) evaluate whether a reasonable offic[ial] would have understood that the conduct at issue violated the clearly established right. These steps are sequential; [the court] must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, before proceed[ing] to determine whether that right was clearly established at the time of the alleged violation.

*Henderson*, 223 F.3d at 271 (internal quotation marks and citations omitted); *see also Wilson v. Layne*, 526 U.S. 603, 609 (1999); *S.P. v. City of Takoma Park*, 134 F.3d 260, 265 (4th Cir. 1998).

The first step in the qualified immunity analysis is to determine whether Plaintiff has alleged the deprivation of an actual constitutional right. Plaintiff claims Defendant violated his Fourth Amendment right to be free of unreasonable seizure of his person without probable cause. (Am.

---

[6]Defendant was acting in the scope of his employment at all relevant times. Defendant is a patrolman, and Plaintiff complains of the events surrounding a traffic stop. Furthermore, in his Amended Complaint, Plaintiff states, "Defendant performed the acts complained of as a police officer for the town of North Charleston." (Am. Compl. ¶ 4.)

5

Compl. ¶ 10.)[7] Defendant issued Plaintiff a ticket for Reckless Driving. Pursuant to South Carolina law, "[a]ny person who drives any vehicle in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving." S.C. CODE § 56-5-2920. Plaintiff argues the events "do not come close to a disregard for the safety of either persons or property." (Pl.'s Resp. in Opp'n at 2.) Even if true, Defendant had probable cause to stop Plaintiff. It is undisputed that Plaintiff attempted to merge into Defendant's lane but that Defendant told Plaintiff to wait his turn. Plaintiff also admits his tire crossed the line and went into Defendant's lane. Defendant thus had probable cause to believe Plaintiff violated South Carolina law. *See, e.g.*, S.C. CODE § 56-5-1900 ("A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that such movement can be made with safety."); S.C. CODE § 56-5-2150(a) ("No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal as provided for in this section."). Because Plaintiff has not alleged the deprivation of a constitutional right, Defendant is entitled to summary judgment on his defense of qualified immunity. *See Karadi v. Jenkins*, 7 Fed. App'x 185, 197 (4th Cir. 2001) ("[W]e hold that Jenkins's seizure of Karadi complied with the Fourth Amendment in all respects. Accordingly, Jenkins is entitled to summary judgment on his defense of qualified immunity with

---

[7] Probable cause need not actually exist for qualified immunity to attach: "In order for qualified immunity to attach, it is not necessary that probable cause for an arrest actually exist. It is necessary only that the officer be objectively reasonable in believing that it is present." *Rowland v. Perry*, 41 F.3d 167, 174 (4th Cir. 1994) (citing *Torchinsky v. Siwinski*, 942 F.2d 257, 260-61 (4th Cir. 1991)).

respect to Karadi's § 1983 claims."); *see also Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002).[8]

Plaintiff also asserts causes of action pursuant to South Carolina law for false arrest and malicious prosecution. To prevail on a claim for false arrest or imprisonment, Plaintiff must prove "both that he was deprived of his liberty and that the deprivation was done without lawful justification." *Hill v. Gould*, No. C.A. 30423388MBS, 2005 WL 3134066, at *3 (D.S.C. Nov. 23, 2005) (citing *Jones v. City of Columbia*, 301 S.C. 62, 389 S.E.2d 662 (1990)). To maintain an action for malicious prosecution, "the plaintiff has the burden of establishing the institution by the defendants of a prosecution maliciously without probable cause and the termination of such prosecution in favor of the plaintiff." *White v. Coleman*, 277 F. Supp. 292, 296-97 (D.S.C. 1967) (citing *Margolis v. Telech*, 239 S.C. 232, 122 S.E.2d 417 (1961)). As Defendant had probable cause to believe Plaintiff violated South Carolina law, Plaintiff's claims for false arrest and malicious prosecution necessarily fail. *See Hill*, 2005 WL 3134066, at *3. The court therefore grants Defendant's Motion for Summary Judgment on Plaintiff's claims for false arrest and malicious prosecution.

---

[8] It appears Plaintiff asserts his causes of action for false arrest and malicious prosecution pursuant to the law of South Carolina. (*See* Pl.'s Resp. in Opp'n at 1.) To the extent Plaintiff proceeds under § 1983, however, Defendant is entitled to summary judgment because Plaintiff has not alleged a deprivation of a constitutional right. *See Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000) (noting a majority of the justices in *Albright v. Oliver*, 510 U.S. 266 (1994) agreed "the right to be free from prosecution without probable cause was not a substantive due process right, but rather was a violation of the petitioner's Fourth Amendment right to be free from unreasonable seizures"); *Street v. Surdyka*, 492 F.2d 368, 371 (4th Cir. 1974) ("[S]ection 1983 does not provide a remedy for common law torts. Instead it creates a federal cause of action against those acting under color of state law who cause a deprivation of any rights, privileges, or immunities secured by the Constitution and laws (of the United States)." (internal quotation marks omitted)).

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant's Motion for Summary Judgment is **GRANTED**.

  **AND IT IS SO ORDERED**.

                PATRICK MICHAEL DUFFY
                United States District Judge

**Charleston, South Carolina**
**February 12, 2007**

8